UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY B. FERNEBOK,<br>310 West Edmonston Drive<br>Rockville, MD  20853, and<br><br>JOSHUA F. FERNEBOK,<br>5802 Nicholson Lane, #404<br>Rockville, MD  20852,<br><br>        Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT<br>OF COLUMBIA,<br>941 North Capitol Street, N.E.<br>Washington, D.C.  20002,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case: 1:07-cv-01262 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Defendant Government of the District of Columbia, by and through counsel, respectfully requests, pursuant to Fed. R. Civ. Pro. 12(b)(1), that the Court dismiss plaintiffs' Complaint for Declaratory Judgment challenging the District of Columbia's unincorporated business franchise tax imposed in accordance with D.C. Official Code §§ 47-1808.01, *et seq*. (2005 Repl.) for lack of subject matter jurisdiction.  "Congress has granted exclusive jurisdiction over challenges to District of Columbia tax assessments to the District of Columbia Courts."  *Jenkins v. Washington Convention Center*, 344 U.S. App. 315, 236 F.3d 6, 7 (D.C. Cir. 2001).

In support of its motion, the District of Columbia refers the Court to the accompanying memorandum of points and authorities.

Respectfully submitted,

LINDA SINGER, D.C. Bar No. 502462
Attorney General for the District of Columbia

STEPHEN B. LYONS, D.C. Bar No. 376362
Acting Deputy Attorney General
Commercial Division

/s/ David Fisher
DAVID FISHER, D.C. Bar No. 325274
Chief, Tax, Bankruptcy & Finance Section

/s/ Richard G. Amato
RICHARD G. AMATO, D.C. Bar No. 21618

/s/ Nancy Smith
NANCY SMITH, D.C. Bar No. 914887
Senior Assistant Attorneys General
1100 15th Street, N.W., #800
Washington, D.C. 20005
Telephone: (202) 724-7829
Fax: (202) 727-6014
nancy.smith@dc.gov
Counsel for Defendant Government of the
    District of Columbia

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion to Dismiss was delivered electronically this 24th day of August 2007, to

Dale A. Cooter, Esq.
James E. Tompert, Esq.
Cooter Mangold Tompert and Karas
5301 Wisconsin Avenue, N.W., #500
Washington, D.C. 20015.

/s/ Nancy Smith
NANCY SMITH
Senior Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY B. FERNEBOK,<br>310 West Edmonston Drive<br>Rockville, MD  20853, and<br><br>JOSHUA F. FERNEBOK,<br>5802 Nicholson Lane, #404<br>Rockville, MD  20852,<br><br>    Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT<br>OF COLUMBIA,<br>941 North Capitol Street, N.E.<br>Washington, D.C.  20002,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case: 1:07-cv-01262 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DISTRICT OF COLUMBIA'S MOTION TO DISMISS

STATEMENT OF FACTS

  1.  Plaintiffs Gregory B. Fernebok and Joshua Fernebok are members of unincorporated businesses (UB's), and allege that they[1] paid UB franchise tax to the District of Columbia for the preceding three years.  (Complaint ¶¶ 3 and 4).

  2.  Plaintiffs allege that they are not residents of the District of Columbia.  (Complaint ¶¶ 3 and 4).

  3.  Plaintiffs claim the existence of a federal question under the Constitution (as it relates to the Congress's legislative control over the District of Columbia), the District of Columbia

---

[1] Presumably through the UB's of which they are members.

Revenue Act of 1947, codified at D.C. Official Code §§ 47-1810.01(a)(2)[2], and the District of Columbia Self-Government and Governmental Reorganization Act, D.C. Official Code §§ 1-201.01, *et seq*. (2001) (Home Rule Act). (Complaint ¶1).

4. Plaintiffs' Complaint seeks a declaratory judgment that the imposition of the UB franchise tax on non-resident members of a UB is invalid. (Complaint).

## ARGUMENT

Plaintiffs have the burden to establish jurisdiction in response to a Rule 12(b)(1) motion to dismiss. *Shaw v. Marriott International, Inc.*, 474 F. Supp. 2d 141, 144 (D.D.C. 2007), citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269 (1936); *McGarry v. Secretary of the Treasury*, 656 F. Supp. 1034, 1037 (D.D.C. 1987). Statutory and case law provide that jurisdiction over tax assessment appeals, including those raising constitutional and federal questions, rests in the Superior Court of the District of Columbia. Plaintiffs cannot meet their burden and, thus, their instant action must be dismissed.

"Congress has granted exclusive jurisdiction over challenges to District of Columbia tax assessments to the District of Columbia courts." *Jenkins v. Washington Convention Center*, 344 U.S. App. 315, 236 F.3d 6, 7 (D.C. Cir. 2001); also *Miller v. District of Columbia*, 2007 U.S. Dist. LEXIS 43699, June 18, 2007. The Court of Appeals in *Jenkins* relied on D.C. Official Code §§ 11-921(a)(3)(B), 11-921, and 11-1202 (2001) in arriving at its decision. Section 11-921(a)(3)(B) provides that the Superior Court of the District of Columbia has jurisdiction over "any civil action or other matter, at law or in equity, which involves an appeal from or petition

---

[2] Plaintiffs inappropriately cite § 47-1810.01 (a)(2) which relates to the allocation of non-business income and the apportionment of business income within the confines of the corporation and unincorporated business franchise tax scheme. The unincorporated business franchise tax was imposed by Congress on July 16, 1947, in the District of Columbia Revenue Act of 1947, Pub. L. No. 80-195, 61 Stat. 328, now codified at D.C. Official Code §§ 47-1801.02, *et seq*. (2001). Article I of that Act, the Income and Franchise Act, imposes a tax on, *inter alia*, unincorporated businesses "for the privilege of carrying on or engaging in any trade or business within the District and of receiving such other income as is derived from income from sources within the District." § 47-1810.01(2) (2001).

2

for review of any assessment of tax (or civil penalty thereon) made by the District of Columbia." Section 11-1201 provides that "[t]he Tax Division of the Superior Court shall be assigned exclusive jurisdiction of . . . all appeals from and petitions for review of assessments of tax (and civil penalties thereon) made by the District of Columbia." Section 11-1202 provides that "the jurisdiction of the Tax Division of the Superior Court to review the validity and amount of all assessments of tax made by the District of Columbia is exclusive." These statutory provisions were enacted by Congress as parts of the District of Columbia Court Reform and Criminal Procedure Act of 1970.

The Court of Appeals in *Jenkins* also determined that the Superior Court retained exclusive jurisdiction over District tax appeals even when the complaining taxpayer raised federal or constitutional issues. "Congress unambiguously intended to vest in the District of Columbia courts exclusive jurisdiction over all challenges to District of Columbia taxes including those involving federal statutory or constitutional claims in lieu of (rather than concurrently with) jurisdiction in the federal courts." *Jenkins* at 11. Litigants may raise "federal and statutory claims in the District of Columbia courts, with ultimate review of federal claims by the United States Supreme Court available by writ of certiorari." *Jenkins* at 12-13.[3]

Messrs. Fernebok challenge here the application of the District's UB franchise tax. Exclusive jurisdiction of this matter, however, rests with the District of Columbia Superior Court Tax Division. Accordingly, these plaintiffs cannot meet their burden of establishing that this Court has jurisdiction, and this action must be dismissed.

---

[3] Indeed, the taxpayers in *District of Columbia v. Bender*, 906 A.2d 277 (D.C. 2006), cert. denied ___ U.S. ___, 127 S. Ct. 1356 (2007), raised claims identical to those of the instant plaintiffs in the Superior Court, and pursued that "ultimate review."

3

Respectfully submitted,

LINDA SINGER, D.C. Bar No. 502462
Attorney General for the District of Columbia

STEPHEN B. LYONS, D.C. Bar No. 376362
Acting Deputy Attorney General
Commercial Division

/s/ David Fisher
DAVID FISHER, D.C. Bar No. 325274
Chief, Tax, Bankruptcy & Finance Section

/s/ Richard G. Amato
RICHARD G. AMATO, D.C. Bar No. 21618

/s/  Nancy Smith
NANCY SMITH, D.C. Bar No. 914887
Senior Assistant Attorneys General
1100 15th Street, N.W., #800
Washington, D.C.  20005
Telephone:  (202) 724-7829
Fax:  (202) 727-6014
nancy.smith@dc.gov
Counsel for Defendant Government of the
         District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY B. FERNEBOK,<br>310 West Edmonston Drive<br>Rockville, MD  20853, and<br><br>JOSHUA F. FERNEBOK,<br>5802 Nicholson Lane, #404<br>Rockville, MD  20852,<br><br>    Plaintiffs,<br><br> v.<br><br>GOVERNMENT OF THE DISTRICT<br>OF COLUMBIA,<br>941 North Capitol Street, N.E.<br>Washington, D.C.  20002,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case: 1:07-cv-01262 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of defendant Government of the District of Columbia's Motion to Dismiss, the points and authorities in support thereof and any opposition thereto, it is, by the Court, this _____ day of _____, 2007,

 ORDERED:  That the motion be and is hereby granted; and it is

 FURTHER ORDERED:  That plaintiffs' Complaint for Declaratory Judgment be and is hereby DISMISSED.

              _____
              JUDGE

2

Copies to:
Richard G. Amato
Nancy Smith
Senior Assistant Attorneys General
1100 15th Street, N.W., #800
Washington, D.C. 20005

Dale A. Cooter, Esq.
James E. Tompert, Esq.
Cooter Mangold Tompert and Karas
5301 Wisconsin Avenue, N.W., #500
Washington, D.C. 20015.