IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY B. FERNEBOK et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>GOVERNMENT OF THE DISTRICT OF<br>COLUMBIA,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case: 1:07-cv-01262 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiffs Gregory Fernebok and Joshua Fernebok, by and through counsel, hereby oppose the Defendant District of Columbia's Motion to Dismiss and state as follows:

**INTRODUCTION**

Plaintiffs, Maryland residents whose income has been taxed through their District of Columbia unincorporated business associations, have filed this one count action seeking a declaratory judgment that "the imposition of the Unincorporated Business Tax on nonresidents of the District of Columbia is contrary to federal law and invalid[.]" Complaint for Declaratory Judgment at 5.  The Plaintiffs assert in Paragraph 1 of their Complaint that this Court has jurisdiction pursuant to 28 U.S.C. Section 1331 in that the action is "founded on the existence of a federal question of law arising under the Constitution of the United States, Article I Section 8, Clause 17 and the District of

Columbia Self-Government and Governmental Reorganization Act

("Home Rule Act"), D.C. Code Ann. §1-201.01, et seq., enacted by

the United States Congress."  The Defendant now seeks dismissal

based on Rule 12(b)(1) of the Federal Rules of Civil Procedure,

contending that "jurisdiction over tax assessment appeals,

including those raising constitutional and federal questions,

rests in the Superior Court of the District of Columbia" and,

therefore, this Court is without jurisdiction to consider

Plaintiffs' claims.  See Memorandum of Points and Authorities in

Support of District of Columbia's Motion to Dismiss ("Def's

Memo.") at 2.  The Defendant's argument for dismissal is based

exclusively on Jenkins v. Washington Convention Center, 236 F.3d

6 (D.C. Cir. 2001) and on D.C. Code Sections 11-921 and 11-1202.

The Plaintiffs respectfully submit that the Defendant's legal

authority does not warrant dismissal on jurisdictional grounds

and Plaintiffs therefore request the Court to deny the

Defendant's Motion.

### CONSTITUTIONAL AND LEGISLATIVE BACKGROUND

The "District Clause" of the United Sates Constitution

provides, in pertinent part, that Congress shall have the power:

> To exercise exclusive Legislation in all Cases whatsoever,
> over such District (not exceeding ten Miles square) as may,
> by Cession of particular States, and the Acceptance of
> Congress, become the Seat of the Government of the United
> States. . . .

U.S. Const. Art. I, § 8, cl 17. In 1970, Congress enacted the

"District of Columbia Court Reform and Criminal Procedure Act,"
D.C. Code §§11-101 et seq ("Court Reform Act").  The Court Reform
Act created the local Article I court system for the District of
Columbia, establishing the District of Columbia Court of Appeals
and the Superior Court for the District of Columbia.  Three years
later, in 1973, Congress enacted the District of Columbia Self-
Government and Governmental Reorganization Act (the "Home Rule
Act"), D.C. Code §§1-201.01 et seq.  The Home Rule Act provides,
in pertinent part, that "[t]he Council [of the District of
Columbia] shall have no authority to "[i]mpose any tax on the
whole or any part of their personal income, either directly or at
the source thereof, of any individual not a resident of the
District [of Columbia]...."  D.C. Code § 1-206.02(a)(5) (2001)
(the "Prohibition"). The tax law by which members of
unincorporated businesses are taxed (the "UB Tax" or "UBT") is
codified at D.C. Code § 47-1808.03.

### ARGUMENT

**I.   D.C. Code §§ 11-921 and 11-1202 DO NOT DIVEST THIS
       COURT OF JURISDICTION**

In this action, Plaintiffs do not challenge any tax
assessment, nor do they seek a tax refund.  Rather, they
challenge the imposition of a tax and seek declaratory relief
based on the Home Rule Act's Prohibition, codified at D.C. Code
Ann. §1-206.02(a)(5).  Under the Prohibition, the Council of the

District of Columbia does not have the authority to "impose any

tax on the whole or any portion of the personal income, whether

directly or at the source thereof, of any individual not a

resident of the District of Columbia . . ."  D.C. Code §1-

206.02(a)(5)(2001).  The Defendant seeks to dismiss, arguing that

any challenge based on the Prohibition must be brought in the

D.C. Superior Court. Quoting <u>Jenkins v. Washington Convention</u>

<u>Center</u>, 236 F. 3d 6, 7 (D.C. Cir. 2001) (which is discussed

further below), Plaintiff states: "'Congress has granted

exclusive jurisdiction over challenges to District of Columbia

tax assessments to the District of Columbia Courts.'"  Def's

Memo. at 2.  <u>Jenkins</u> relied on D.C. Code Sections 11-921(a)(3)(B)

and 11-1202.  Neither of these statutory provisions, however, is

sufficient to deprive this Court of subject matter jurisdiction

in this particular case.

    With the 1970 enactment of the Court Reform Act, Congress

established a dual court system for the District of Columbia,

vesting the "judicial power in the District of Columbia" in three

Article III federal courts (the Supreme Court, the United States

Court of Appeals for the District of Columbia Circuit and the

United States District Court for the District of Columbia) (D.C.

Code §11-101(1)) and in two Article I District of Columbia Courts

(the District of Columbia Court of Appeals and the Superior Court

of the District of Columbia (D.C. Code §11-101(2)).  The Court

Reform Act created the Superior Court to consolidate the District

of Columbia Court of General Sessions, the Juvenile Court of the

District of Columbia, and the District of Columbia Tax Court.

D.C. Code §11-901.  Also pursuant to the Court Reform Act, five

divisions of the Superior Court were created, one of which is the

Tax Division.  D.C. Code §11-902.

The Court Reform Act also established subject matter

jurisdiction for the Superior Court and, specifically, for the

Tax Division of the Superior Court.  Section 11-921(a)(3)(B) of

the D.C. Code provides that the Superior Court of the District of

Columbia has jurisdiction over "any civil action or other matter,

at law or in equity, which involves an appeal from or petition

for review of **assessments** of (or civil penalty thereon) made by

the District of Columbia."  D.C. Code §11-921(a)(3)(B)(2001)

(emphasis supplied).  Section 11-1201 provides that "[t]he Tax

Division of the Superior Court shall be assigned exclusive

jurisdiction of . . . all appeals from and petitions for review

of **assessments** of tax (and civil penalties thereon) made by the

District of Columbia."  D.C. Code §11-1201 (2001)(emphasis

supplied).  Section 11-1202 of the D.C. Code provides that "the

jurisdiction of the Tax Division of the Superior Court to review

the validity and amount of all **assessments** of tax made by the

District of Columbia is exclusive."  D.C. Code §11-1202 (2001)

(emphasis supplied).  Plaintiffs, however, are not challenging

the "assessment" of the tax, but rather are challenging the

authority of the District to "impose" the tax on non-residents,[1]

as prohibited in the Home Rule Act.  Pursuant to the Home Rule

Act's Prohibition, Plaintiffs "request that this Court declare

the imposition of the Unincorporated Business Tax on nonresidents

of the District of Columbia is contrary to federal law and the

Constitution of the United States, and is therefore invalid."

Complaint at ¶15.

    The Plaintiffs' analysis, distinguishing challenges to an

*imposition* of tax from challenges to an *assessment* of tax is

supported by the statutory framework in which the UB Tax is

found.  Chapter 18 of Title 47 of the District of Columbia Code

is entitled "Income and Franchise Taxes."  Chapter 18, in turn,

contains seventeen subchapters.  Subchapters VI through IX

---

    [1]  As defined in Black's Law Dictionary, a tax assessment is
"[t]he listing and valuation of property for the purpose of
apportioning a tax upon it, either according to value alone or in
proportion to benefit received."  Black's Law Dictionary (4th ed.
1968).  As such, strictly speaking an assessment does not include
the levy, or the imposition, of a tax. See Commissioner of
Internal Revenue v. Patrick Cudahy Family Co., 102 F.2d 930, 932
(7th Cir. 1939) ("Properly speaking [an assessment] does not
include the levy of taxes although sometimes the words 'assess,'
'assessed,' or 'assessment' are used in a statute as including
both the levy and the assessment.  An assessment, strictly
speaking, is an official estimate of the sums which are to
constitute the basis of an apportionment of a tax between the
individual subjects of taxation within the district.").
Obviously, Congress was aware of this distinction when in the
Home Rule Act enacted in 1974 it used the word "impose," while in
the Court Reform Act, enacted in 1970 it used the word
"assessments."

identify the various taxes that the District "levies" or
"imposes:" tax on residents and nonresidents (subchapter VI); tax
on corporations and financial institutions (subchapter VII); tax
on unincorporated businesses (the UB Tax) (subchapter VIII); and
tax on estates and trusts (subchapter IX).  It is subchapter XII,
entitled "Assessment and Collection: Time of Payment," which
provides for the assessment and payment of the taxes imposed by
subchapters VI through IX.  See D.C. Code §§47-1812.05, 47-
1812.07.  Thus, the references in Section 11-921(a)(3)(B), 11-
1201 and 11-1202 granting exclusive jurisdiction to the Tax
Division of the Superior Court over appeals from and petitions
for review of **assessments"** of tax necessarily refers to
***assessments*** under subchapter XII of chapter 18 of Title 47 and
not to the levy or the imposition of a tax under subchapters VI
through IX.  Because the Plaintiffs are challenging the
imposition of the UB Tax under Subchapter VIII, not an assessment
of tax under Subchapter XII, they are not subject to the
exclusive jurisdiction provisions of the Superior Court of the
District of Columbia as set forth in provisions of the 1970 Court
Reform Act, relied upon by the District in its Motion to Dismiss.
The divestiture of federal court jurisdiction relates only to the
jurisdiction of a federal court to award monetary damages by way
of tax refund based on a challenge to a tax assessment; it does
not divest the court of federal question jurisdiction over

requests for declaratory relief.

Although involving application of the probate exception to federal court jurisdiction, Marshall v. Marshall, 547 U.S.293 (2006) is instructive to the extent it considers the manner in which "exclusive jurisdiction" provisions under state law should be interpreted.  In Marshall, the petitioner, Vickie Lynn Marshall (a/k/a Anna Nicole Smith), sought review of the Ninth Circuit's reversal of the federal district court's damage award on her claims against her stepson asserting that he had tortiously interfered with her expectancy of an inheritance or gift from her deceased husband.  In reversing, the Ninth Circuit wrote: "Where a state has relegated jurisdiction over probate matters to a special court and if that state's trial courts of general jurisdiction do not have jurisdiction to hear probate matters, then the federal courts also lack jurisdiction over probate matters."  392 F.3d 1118, 1136 (9th Cir. 2004).  The Ninth Circuit determined that the probate jurisdiction of the state court extended to "all probate matters whether based on a theory of tax liability, debt, gift, bequest, tort, or any other theory that interferes with the probate of wills or the state court's ability to engage in the administration of estates.  Such jurisdiction is necessary for a probate court to perform its function properly in determining the lawful distribution of the decedent's estates." Id. at 1136.  The Ninth Circuit

alternatively reversed on the ground that the Texas Probate Court
had ruled that it had exclusive jurisdiction over all of
petitioner's claims against her stepson.  392 F.3d at 113.   In
reversing the Ninth Circuit, the United States Supreme Court
held, in part, that "the probate exception reserves to state
probate courts the probate or annulment of a will and the
administration of a decedent's estate; it also precludes federal
courts from endeavoring to dispose of property that is in custody
of a state probate court.  ***But it does not bar federal courts
from adjudicating matters outside those confines and otherwise
within federal jurisdiction.***"  547 U.S. at 311-312 (emphasis
added).  The petitioner sought an impersonam judgment against her
stepson, not a the probate or annulment of a will.  547 U.S. at
312.

In rejecting the Ninth Circuit's alternative holding (based
on the Texas Probate Court's ruling that it had exclusive
jurisdiction over the particular claims), the Supreme Court
stated: "At issue here, however, is not the Texas Probate Court's
jurisdiction, but the federal courts' jurisdiction to entertain
Vickie's tortious interference claim.  Under our federal system,
Texas cannot render its probate courts exclusively competent to
entertain a claim of that genre.  We therefore hold that the
District court properly asserted jurisdiction over [Petitioner's]
counterclaim against [her stepson.]" Id. at 314.

Similarly, at issue here is not the Tax Division's jurisdiction over assessments of tax, but rather this Court's federal question jurisdiction over the particular claims set forth in the Complaint.  The Plaintiffs do not claim impropriety or error in the calculation or assessment of specific amounts of tax nor do they seek in this litigation a refund of taxes paid - any of which might properly fall with in the exclusive jurisdiction of the Tax Division of the Superior Court.  Rather, they seek declaratory relief regarding the constitutionality of the District's *imposition* of the UB Tax at all.

## II.   THE *JENKINS* DECISION DOES NOT BAR THIS ACTION

The decision by the United States Court of Appeals for the District of Columbia in Jenkins v. Washington Convention Center, 236 F.3d 6 (D.C. Cir. 2001), relied upon by the District in its Motion to Dismiss, does not change the distinction discussed above between a challenge to the imposition of a tax and a challenge to the assessment of a tax, and which court has jurisdiction to consider which challenge.  Significantly, Jenkins was a tax refund case, unlike the instant litigation.  The plaintiffs challenged their tax assessments and sought refunds thereof.  236 F.3d at 316.  In finding that it lacked subject matter jurisdiction over plaintiffs' claims, the Jenkins Court reasoned:

> Because Congress has granted exclusive jurisdiction over
> challenges to District of Columbia tax **assessments** to the

> District of Columbia courts, <u>see</u> D.C. Code §§11-921(a)(3)(B), 11-1201, 11-1202 (1981), we affirm the dismissal of the complaint for lack of subject matter jurisdiction.

<u>Id</u>. at 7 (emphasis supplied).  Thus, the <u>Jenkins</u>' Court's dismissal of the complaint for lack of subject matter jurisdiction was based upon the language in Sections 11-921(a)(3)(B), 11-1201, 11-1202 of the D.C. Code, which grants exclusive jurisdiction over challenges to tax assessments to courts of the District of Columbia.

Later in its opinion, the <u>Jenkins</u> Court stated that the District of Columbia courts have "exclusive jurisdiction over *all* challenges to District of Columbia taxes[.]"[2] Plaintiffs submit that this language in the opinion is an overstatement of the precise holding made by the <u>Jenkins</u> Court, quoted above, recognizing that the D.C. Superior Court's exclusive jurisdiction is over challenges to tax assessments.  <u>Compare</u> 236 F.3d at 7, with 236 F.3d at 11. Indeed, this broad language in the Court's opinion is not supported by the applicable statute.  Nowhere in Sections 11-921(a)(3)(B), 11-1201, or 11-1202 of the D.C. Code did Congress grant exclusive jurisdiction "over all challenges to

---

[2]    On page 11 in its opinion, the Court stated: "Congress' intent in the Court Reform Act could not be more clear: Congress unambiguously intended to vest in the District of Columbia courts exclusive jurisdiction over *all* challenges to District of Columbia taxes including those involving federal statutory or constitutional claims in lieu of (rather than concurrently with) jurisdiction in the federal courts." 236 F.3d at 11 (emphasis added).

District of Columbia taxes" to the District of Columbia courts.

Instead, Congress granted exclusive jurisdiction to the District

of Columbia courts only over challenges to tax assessments, and

therefore the quoted language from <u>Jenkins</u> does not mandate

dismissal of Plaintiffs' Complaint.  In fact, later in its

opinion, the <u>Jenkins</u> Court narrows its language by stating that

Congress' grant of exclusive jurisdiction to Superior Court was

for "claims for refunds" even where those claims for refunds were

based on federal statutory or constitutional claims.  <u>Jenkins</u>,

236 F.3d at 12.[3]    As noted, Plaintiffs here do not seek a tax

refund.

    <u>Jenkins</u> is further distinguishable because although the

<u>Jenkins</u> court discussed the Home Rule Act generally, it did not

discuss the Prohibition language, as that language was not

implicated by the facts of <u>Jenkins</u>.  Here, of course, the

Prohibition language in the Home Rule Act is at the heart of this

controversy.  The 1970 Court Reform Act's division of

jurisdiction between the federal and local courts must be

considered in temporal context - as predating Home Rule.  At the

time the Court Reform Act was enacted, Congress still

---

    [3]  In <u>Miller v. District of Columbia</u>, 2007 WL 1748890, *3
(D.D.C. 2007) (Bates, J.), this Court applied the more narrow
language of the <u>Jenkins</u> opinion: "To the extent that plaintiff's
challenge to the sale of his properties at a tax sale calls into
question the validity *of the manner in which the District*
***assesses or collects taxes or grants refunds***, that challenge must
be brought in Superior Court." (Emphasis added).

"controlled" the District of Columbia government and legislation

affecting the District of Columbia residents.  At that time,

there was no Prohibition language because there was no Home Rule

Act.

### III.  THE DEFENDANT DISTRICT OF COLUMBIA HAS PREVIOUSLY INVOKED THIS COURT'S JURISDICTION OVER TAX MATTERS

Four years after <u>Jenkins</u> was decided, the D.C. Circuit

decided <u>Banner v. United States</u>, 428 F.3d 303 (D.C. Cir. 2005).

In <u>Banner</u>, the District of Columbia, together with individual

plaintiffs, **invoked** this Court's federal question jurisdiction on

a tax issue.  In <u>Banner</u>, the District of Columbia together with

the individual plaintiffs, challenged the constitutionality of

the commuter tax restriction.  There, the District of Columbia

filed in this Court a "Complaint for Declaratory and Injunctive

Relief" (available on Westlaw at 2003 WL 23781138) ("Banner

Compl.").  In its Complaint, the District of Columbia asked this

Court to "declare unconstitutional a statute enacted by the

United States Congress that prohibits the District from taxing

income that is earned within its borders by non-residents.  <u>See</u>

D.C. Home Rule Act, Title VI § 602(a)(5), P.L 93-198, 93rd Cong.,

S.1435, 87 Stat. 774, *codified at* D.C. Official Code §1-

206.02(a)(5)(2001) (referred to hereinafter as 'the

Prohibition')."  Banner Compl. at ¶1.  For its jurisdictional

allegation, the District of Columbia alleged that this Court had

"jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. §1343;

this action arises under the Constitution and laws of the United

States." Banner Compl. at ¶12.[4] The United States moved to

dismiss the Banner Complaint. In opposing that motion, the

Banner plaintiffs, to include the District of Columbia, asserted

that "the Prohibition . . . is an unambiguous decision by

Congress that non-residents will not pay taxes to the District on

income they earn here." 2003 WL 23781161. Further in that

opposition, the District takes the position that "the Prohibition

was not just a way of allocating taxing power between the

District Council and Congress. It was a substantive decision

that non-residents who earned income in the District would not

pay taxes to the District." 2003 WL 23781161 (at Section II.A.

2). The District further argues in that opposition that "the

legislative history of the Prohibition also makes clear that

Congress intended simply that non-residents would pay no income

taxes to the District." Id.

While the merits arguments by the Banner plaintiffs are

obviously different from the merits arguments by the Plaintiffs

in the instant litigation, there are similarities in the grounds

for asserting federal question jurisdiction in this Court. Just

---

[4]    Similarly, in its appeal to the District of Columbia
Circuit, the District made the following jurisdictional
statement: "The District Court had jurisdiction pursuant to 28
U.S.C. § 1331 and 28 U.S.C. §1343, because this action arises
under the Constitution and laws of the United States." 2004 WL
3080426 (at Section 1).

as the District of Columbia in <u>Banner</u> asserted that the Home Rule

Act gives this Court jurisdiction, so do the Plaintiffs here.

The Plaintiffs' characterization of the Prohibition in this case

is not unlike the District of Columbia's own characterization in

<u>Banner</u> of the Prohibition as substantive federal law enacted by

Congress.  The District of Columbia's position here - that the

Tax Division of the Superior Court has exclusive jurisdiction

over these matters -  cannot be reconciled with its position in

<u>Banner</u>.   As described by the D.C.  Circuit in <u>Banner</u>, the

Prohibition is "a limitation on Congress' delegation of taxing

authority to the local District government."  428 F.3d at 311.

"Congress has delegated to the District government the power to

levy an income tax while restricting the kinds of income the

District may tax."  428 F.3d at 312.  <u>See</u> 1 Fed. Proc. L.Ed.

§1:374 (a controversy under the District of Columbia Home Rule

Act or a constitutional challenge to a D.C. Code provision both

provide federal question jurisdiction).  Given that the

controversy in this case arises under the constitution and the

Home Rule Act, this Court has federal question jurisdiction to

consider the merits of Plaintiffs' claims.

IV.    **THE PLAINTIFFS HAVE NO MEANINGFUL STATE COURT REMEDY**

The Court may exercise subject matter jurisdiction in this

case for the alternative reason that Plaintiffs have no

meaningful remedy in the District of Columbia's local courts.  As

the Defendant notes in its Memorandum and as Plaintiffs have

alleged in their Complaint (at ¶9), the D.C. Court of Appeals has

already ruled, in a tax refund case, that the UB Tax does not

violate the Home Rule Act.  Given the Court of Appeals' ruling in

Bender v. District of Columbia,906 A.2d 277 (D.C. 2006), it is

likely that the outcome of any challenge by the Plaintiffs in the

D.C. Superior Court will ultimately be adverse to Plaintiffs.

See  Complaint at ¶9.  Thus, bringing such an action would, for

all intents and purposes, be futile.  United States v. State of

Michigan, 508 F. Supp. 480, 489-90  (W.D. Mich. 1980) (litigant

need not pursue appeal in state court where to do so would be

futile); Tolbert v. City of Memphis, Tennessee, 568 F. Supp.

1285, 1289 (D.C. Tenn. 1983) (where state's highest court has

"ruled against the constitutional position taken by the

plaintiffs in the federal court," federal court need not abstain

from asserting jurisdiction in constitutional cases where

plaintiff would be forced to "pursue futile claims and appeal in

the state court").  For this additional reason, it would be

appropriate for the Court to exercise its jurisdiction.


## CONCLUSION

    WHEREFORE, the Plaintiffs respectfully request this Court to

deny the Plaintiffs' Motion to Dismiss.

Respectfully submitted,


COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


 /s/ Dale A. Cooter
Dale A. Cooter (#227454)
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.   20015
(202)537-0700

**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st  day of September, 2007,

a copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS'**

**MOTION TO DISMISS** and proposed **ORDER** was served electronically by

e-filing on:

> LINDA SINGER
> Attorney General for the District of Columbia
> 1100 15th Street, N.W., #800
> Washington, D.C. 20005
>
> STEPHEN B. LYONS
> Acting Deputy Attorney General
> Commercial Division
> 1100 15th Street, N.W., #800
> Washington, D.C. 20005
>
> DAVID FISHER
> Senior Assistant Attorney General
> Chief, Tax, Bankruptcy & Finance Section
> 1100 15th Street, N.W., #800
> Washington, D.C. 20005
>
> RICHARD G. AMATO
> Senior Assistant Attorney General
> 1100 15th Street, N.W., #800
> Washington, D.C. 20005
>
> NANCY SMITH
> Senior Assistant Attorney General
> 1100 15th Street, N.W., #800
> Washington, D.C. 20005

                                    /s/ Dale A. Cooter
                                    Dale A. Cooter

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY B. FERNEBOK et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case: 1:07-cv-01262 (JDB) |
| | ) |
| GOVERNMENT OF THE DISTRICT OF | ) |
| COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

### ORDER

UPON CONSIDERATION of the Plaintiff District of Columbia's Motion to Dismiss, the opposition thereto of the Plaintiffs Gregory Fernebok and Joshua Fernebok, and any hearing thereon, it is this _____ day of _____, 2007, hereby

ORDERED, that the Plaintiff's Motion to Dismiss be, and it hereby is, DENIED.

_____
John D. Bates
United States District Judge

copies to:

Dale A. Cooter
Cooter, Mangold, Tompert
 & Karas, LLP
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, DC 20015

Linda Singer
Attorney General for the District of Columbia
1100 15th Street, N.W., #800
Washington, D.C. 20005

Stephen B. Lyons
Acting Deputy Attorney General
Commercial Division
1100 15th Street, N.W., #800
Washington, D.C. 20005

David Fisher
Senior Assistant Attorney General
Chief, Tax, Bankruptcy & Finance Section
1100 15th Street, N.W., #800
Washington, D.C. 20005

Richard G. Amato
Senior Assistant Attorney General
1100 15th Street, N.W., #800
Washington, D.C. 20005

Nancy Smith
Senior Assistant Attorney General
1100 15th Street, N.W., #800
Washington, D.C. 20005