UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY B. FERNEBOK, *ET AL.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case: 1:07-cv-01262 (JDB) |
| | ) |
| GOVERNMENT OF THE DISTRICT | ) |
| OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant District of Columbia replies to plaintiffs' opposition to its motion to dismiss as follows:

1. Plaintiffs misunderstand the distinction between the "imposition" of a tax and the "assessment" of a tax. On July 16, 1947, Congress enacted the District of Columbia Revenue Act of 1947, now codified at D.C. Official Code §§ 47-1801.02, *et seq*. (2005 Repl.)[1]. Article I of that Act, the Income and Franchise Act, imposes a tax on, *inter alia*, unincorporated businesses (UB's) "for the privilege of carrying on or engaging in any trade or business within the District and of receiving such other income as is derived from income from sources within the District." § 47-1810.01(2). Congress defined the term "unincorporated business" as

> any trade or business, conducted or engaged in by any individual, *whether resident or nonresident*, statutory or common-law trust, estate, partnership, or limited or special partnership, society, association, executor, administrator, receiver, trustee, liquidator, conservator, committee assignee, or by any other entity or fiduciary, other than a trade or business conducted or engaged in by any corporation and include any trade or business which if conducted or engaged in by a corporation would be taxable under . . . this chapter.

---

[1] Unless otherwise noted, all statutory references are to the 2005 replacement edition.

§ 47-1808.01 (2006 Supp.) (emphasis supplied).  Congress set out the rates for the UB tax in § 47-1808.03.[2]  Congress further provided that the UB taxes imposed by § 47-1808.03

> shall be payable by the person or persons, jointly and severally, conducting the unincorporated business.  The [UB] taxes . . . may be assessed in the name of the unincorporated business, or in the name or names of the person or persons liable for the payment of taxes, or both.

§ 47-1808.05.  The assessment is the fixing or ascertaining of the amount of tax from which both liability and appeal rights arise.  *See*, HELLERSTEIN, STATE AND LOCAL TAXATION 980 (1997); §§ 47-4301, *et seq.*

   Plaintiffs' complaint against the District of Columbia challenges the imposition of the UB tax on their personal income, and alleges that plaintiffs paid the UB tax to the District. (Complaint ¶¶ 3, 4, 6, and 7).  In fact, however, this UB tax was imposed in 1947 by Congress, not a named party.  Plaintiffs do not identify the UB of which they are members, or state with any detail the years for which they challenge the UB tax, or the dates they paid the tax, except for a vague reference to "the last three years preceding this Complaint."  (Complaint ¶¶3 and 4). That said, the District can only assume that the UB tax was assessed, that is, the liability was fixed, or ascertained, by the District of Columbia within the last three years, upon or shortly after receipt of the UB returns.  Based on the information in the Complaint, plaintiffs can only be complaining of an assessment of tax.  Consequently, plaintiffs are the aggrieved parties within the meaning of § 47-3303, and the Tax Division of the Superior Court has exclusive jurisdiction over their claims for the reasons stated in the District's Motion to Dismiss.

   2. If, on the other hand, plaintiffs are not challenging their actual tax liability, that is, the assessment of tax, they cannot meet the case or controversy requirement of Article III, and

---

[2] Congress expressly authorized the Council to change the rates by legislation enacted in 1974. 88 Stat. 1036, 1064.

lack standing to bring this action. The first element of standing that plaintiffs must demonstrate is that they "suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). Plaintiffs cannot challenge a hypothetical imposition of tax, or a hypothetical injury. If plaintiffs contend actual, concrete injuries, such can only exist because of the assessment of tax. In that case, exclusive jurisdiction rests with the Tax Division of the Superior Court. If plaintiffs now contend that they are without tax liability, they lack standing to bring this action.

      3.  The District citizens who brought *Banner v. United States*, 368 U.S. App. D.C. 224, 428 F.3d 303 (2005), were not appealing an assessment of tax, and federal court jurisdiction was appropriate. *Banner* was brought to challenge as unconstitutional the prohibition against the Council of the District of Columbia "from imposing a 'commuter tax' – from taxing the personal income of those who work in the District but reside elsewhere." *Id.* at 305.

      4.  Plaintiffs' comparison of the circumstances in *Marshall v. Marshall*, 547 U.S. 293, 126 S.Ct. 1735 (2006), and their own is inapt. The Court in *Marshall* determined that the claim before it was not a probate matter, but an action for tortious interference, inarguably suitable for federal court jurisdiction. *Marshall*, 126 S.Ct. at 1748. The Court discussed the "so-called 'domestic relations' and 'probate' exceptions" to federal jurisdiction at some length, concluding that

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and *otherwise within federal jurisdiction.*

*Id.* (emphasis supplied). The Court also noted that the "probate exception" was a "judicially created doctrine," *Id*. at 1741, and "uncodified." *Id.* at 1746. Tax appeals in the District of Columbia, such as the instant proceeding, are, by statute, not "otherwise within federal jurisdiction." Congress enacted the District of Columbia Court Reorganization Act of 1970, and granted "exclusive jurisdiction over challenges to District of Columbia tax assessments to the District of Columbia courts." *Jenkins v. Washington Convention Center*, 344 U.S. App. 315, 236 F.3d 6, 7 (D.C. Cir. 2001); also *Miller v. District of Columbia*, 2007 U.S. Dist. LEXIS 43699, June 18, 2007; §§ 11-921(a)(3)(B), 11-921, and 11-1202 (2001).

     5.  Plaintiffs must use their state court remedy.  28 U.S.C. § 1341 provides that:

> [t]he district courts shall not enjoin, suspend or restrain the
> assessment, levy or collection of any tax under State law where a
> plain, speedy and efficient remedy may be had in the courts of
> such State.

This Federal Tax Injunction Act (the FTIA) was enacted in 1937 and embodies a Congressional recognition "that the autonomy and fiscal stability of the States survive best when state tax systems are not subject to scrutiny in federal courts." *Fair Assessment in Real Estate Association, Inc. v. McNary*, 454 U.S. 100, 102-103 (1981). The FTIA "itself preclude[s] district courts from awarding . . . declaratory judgments" with respect to state tax matters. *National Private Truck Council, Inc. v. Oklahoma Tax Commission*, 515 U.S. 582, 586-587 (1995) (citation omitted).

     The district court ruled that the District of Columbia was a state for purposes of the FTIA in *Jenkins v. Washington Convention Center*, *supra* at 9.  To give credence to plaintiffs' contention that, because they think they are likely to lose in Superior Court, they have no plain, speedy, and efficient remedy in that court would be to render the provisions of the FTIA a nullity and needlessly imperil the autonomy and fiscal stability of the District.

4

        Respectfully submitted,

        LINDA SINGER, D.C. Bar No. 502462
        Attorney General for the District of Columbia

        STEPHEN B. LYONS, D.C. Bar No. 376362
        Acting Deputy Attorney General
        Commercial Division

        /s/ David Fisher
        DAVID FISHER, D.C. Bar No. 325274
        Chief, Tax, Bankruptcy & Finance Section

        /s/ Richard G. Amato
        RICHARD G. AMATO, D.C. Bar No. 21618

        /s/ Nancy Smith
        NANCY SMITH, D.C. Bar No. 914887
        Senior Assistant Attorneys General
        1100 15th Street, N.W., #800
        Washington, D.C. 20005
        Telephone: (202) 724-7829
        Fax: (202) 727-6014
        nancy.smith@dc.gov
        Counsel for Defendant Government of the
            District of Columbia

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing District of Columbia's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint was delivered electronically this 26th day of September 2007, to

    Dale A. Cooter, Esq.
    James E. Tompert, Esq.
    Cooter Mangold Tompert and Karas
    5301 Wisconsin Avenue, N.W., #500
    Washington, D.C. 20015.

        /s/ Nancy Smith
        NANCY SMITH
        Senior Assistant Attorney General