UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**GREGORY B. FERNEBOK, et al.,**

    **Plaintiffs,**

    v.

**DISTRICT OF COLUMBIA,**

    **Defendant.**

Civil Action No. 07-1262 (JDB)

## MEMORANDUM OPINION

Plaintiffs Gregory and Joshua Fernebok ("plaintiffs") bring this declaratory judgment action against the District of Columbia ("defendant" or "District") challenging the District of Columbia unincorporated business franchise tax. Plaintiffs are not residents of the District of Columbia, and assert that the tax violates federal law, including the Constitution. Defendant has moved to dismiss for lack of subject matter jurisdiction on the ground that, pursuant to statute, exclusive jurisdiction over this challenge to a District of Columbia tax matter lies in the Superior Court of the District of Columbia. For the reasons explained below, this Court agrees, and therefore will grant defendant's motion to dismiss.

## BACKGROUND

The facts, drawn from the complaint, are not in dispute. Plaintiffs are not residents of the District of Columbia. They are members of unincorporated businesses ("UBs"), and they assert that they have paid UB franchise tax to the District of Columbia pursuant to D.C. Code § 47-1808.03 (2001), at least over the last three years. Plaintiffs seek a declaratory judgment that imposition of the UB franchise tax on them, as non-resident members of a UB, is unlawful under

the United States Constitution (relating to Congress's legislative control over the District of Columbia), and the District of Columbia Self-Government and Governmental Reorganization Act (Home Rule Act), D.C. Code §§ 1-201.01 (2001). In response, defendant asserts that Congress has vested exclusive jurisdiction over challenges to District of Columbia tax assessments in the Superior Court of the District of Columbia, and hence has precluded this Court from exercising jurisdiction over plaintiffs' challenge to the UB franchise tax. Defendant contends that this grant of exclusive jurisdiction to the District of Columbia courts is manifest in Congress's enactment of D.C. Code §§ 11-921(a)(3)(B) and 11-1202 (2001) and further supported by this Circuit's application of those provisions in Jenkins v. Washington Convention Ctr., 236 F.3d 6, 7 (D.C. Cir. 2001).

## DISCUSSION

The core of defendant's motion is simple and unassailable. Faced with a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), it is plaintiffs' burden to establish that jurisdiction exists in this Court. See, e.g., Shaw v. Marriott Int'l, Inc., 474 F. Supp. 2d 141, 144 (D.D.C. 2007) (citing KVOS, Inc. v. Associated Press, 299 U.S. 269 (1936)). Section 11-921(a)(3)(B) provides that the Superior Court has jurisdiction over "any civil action or other matter, at law or in equity, which . . . involves an appeal from or petition for review of any assessment of tax (or civil penalty thereon) made by the District of Columbia," and sections 11-1201 and 11-1202 confirm that the jurisdiction of the Tax Division of the Superior Court regarding review of the validity or amount of District of Columbia tax assessments is "exclusive." The D.C. Circuit in Jenkins has concluded that this exclusive jurisdiction in Superior Court over tax challenges applies even where federal or constitutional issues are raised: "Congress

unambiguously intended to vest in the District of Columbia courts exclusive jurisdiction over all challenges to District of Columbia taxes including those involving federal statutory or constitutional claims in lieu of (rather than concurrently with) jurisdiction in the federal courts." 236 F.3d at 11.[1]

As clear and unequivocal as that legal assessment is, it is not quite the end of the analysis. Plaintiffs argue that the D.C. Code provisions and Jenkins only govern jurisdiction over challenges to tax assessments, while here they challenge the imposition of the UB franchise tax through a declaratory judgment action. But the distinction plaintiffs artfully draw is not determinative of this Court's jurisdiction over the subject matter of this case.

Jenkins speaks broadly in describing the exclusive jurisdiction of the District of Columbia courts "over all challenges to District of Columbia taxes." 236 F.3d at 11. Confirming this clear congressional intent to place exclusive jurisdiction in the District of Columbia courts, the court in Jenkins noted that Congress had simultaneously repealed the provision "vesting concurrent jurisdiction over matters related to District of Columbia taxes" in this Court. Id. Hence, the ruling in Jenkins would seem quite comprehensive. Still, it is fair to note that the relevant statutes, D.C. Code §§ 11-921(a)(3)(B) and 11-1202 (2001), speak in terms of "assessments" of tax, and Jenkins involved a challenge to tax assessments in which the plaintiffs sought refunds. Indeed, the court of appeals specifically framed its holding consistent with that statutory language. See 236 F.3d at 7 ("Because Congress has granted exclusive jurisdiction over challenges to

---

[1] As both sides note, a challenge identical to that brought by plaintiffs has been unsuccessfully pursued through the District of Columbia courts all the way to the Supreme Court. See District of Columbia v. Bender, 906 A.2d 277 (D.C. 2006), cert. denied, 127 S. Ct. 1356 (2007).

District of Columbia tax assessments to the District of Columbia courts, . . . we affirm the dismissal of the complaint for lack of subject matter jurisdiction.") (statutory citations omitted). Under the relevant District of Columbia tax statutes, a tax is imposed on unincorporated businesses at specified rates, and is payable by the persons conducting the unincorporated business. See D.C. Code §§ 47-1810.01(2), -1808.03 & -1808.05.

But an "assessment" is defined as both the "[d]etermination of the rate or amount of something, such as a tax," and the "[i]mposition of something, such as a tax . . . , according to an established rate; the tax . . . so imposed." Black's Law Dictionary 125 (8th ed. 2004). The assessment of a tax is the fixing or ascertaining of the amount from which both liability and appeal rights arise. See Hellerstein, State and Local Taxation 980 (1997). Any distinction, then, between assessment and imposition of a tax is illusory for purposes of the jurisdiction of this Court over plaintiffs' challenge to the District of Columbia UB franchise tax. Although plaintiffs' complaint is purposefully vague, the tax was imposed and assessed on plaintiffs in a specific amount for specific years, and it is the imposition/assessment of that tax liability that plaintiffs must be challenging. Such a challenge to the assessment of the UB franchise tax -- the common legal definition of which term includes the concept of imposition of the tax -- lies within the exclusive jurisdiction of the District of Columbia courts by statute and under the clear holding in Jenkins.

Indeed, plaintiffs must be challenging their actual tax liability as assessed, because otherwise they would not have standing to bring this action and no case or controversy would be presented. To have standing, plaintiffs must have suffered an actual injury in fact that is concrete and particularized, not conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Imposition and assessment of UB franchise tax liability against plaintiffs satisfies

-4-

that standard, but a vague or abstract challenge to the District of Columbia Code provisions, absent actual application to plaintiffs, would not. A challenge to a hypothetical imposition and assessment of a tax, with only a hypothetical injury, does not state a case or controversy or establish a plaintiff's standing to sue, and hence must be dismissed for lack of subject matter jurisdiction. See Nat'l Taxpayers Union, Inc. v. United States, 68 F.3d 1428, 1434 (D.C. Cir. 1995) (noting that the Supreme Court has "expressly disfavored" granting standing to persons challenging the tax liabilities of others, citing Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 46 (1996) (Stewart, J., concurring), and South Carolina v. Regan, 465 U.S. 367, 381 (1984)); see also Henderson v. Stalder, 287 F.3d 374, 379 (5th Cir. 2002) ("in cases in which a state taxpayer challenges the constitutionality of a state law, he must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as a result of its enforcement").

Plaintiffs fare no better with their reliance on Banner v. United States, 428 F.3d 303 (D.C. Cir. 2005), and Marshall v. Marshall, 547 U.S. 293 (2006), to support their expansive view of federal jurisdiction. In Banner, the District of Columbia and several citizens invoked federal jurisdiction to challenge the constitutionality of the Home Rule Act provision prohibiting the D.C. Council from imposing a commuter tax. The exclusive jurisdiction provisions of D.C. Code §§ 11-921(a)(3)(B) and 11-1202, however, were not at issue because there was no challenge to the assessment (or imposition) of a tax -- indeed, no District of Columbia tax provision was involved -- and hence federal jurisdiction was appropriate and unexceptional. Marshall examined the boundaries of the judicially-created probate exception to federal jurisdiction, holding that the exception "does not bar federal courts from adjudicating matters outside [the exception's] confines and otherwise within federal jurisdiction," and hence an action for tortious interference could

proceed in federal court. Marshall, 547 U.S. at 311-12. Challenges to District of Columbia tax assessments, on the other hand, are by statute not within federal jurisdiction because Congress granted exclusive jurisdiction over such cases to the District of Columbia courts. Jenkins, 236 F.3d at 7; Miller v. District of Columbia, No. 06-1935, 2007 WL 1748890, at *3 (D.D.C. June 18, 2007). Hence, Marshall is inapposite here.

Finally, the result compelled by statute and the decision in Jenkins is also consistent with the Tax Injunction Act, 28 U.S.C. § 1341, which provides that:

> [t]he district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

This provision reflects congressional recognition that states function best when their tax systems are not subjected to federal court examination, see Fair Assessments in Real Estate Ass'n v. McNary, 454 U.S. 100, 102-03 (1981), and precludes declaratory judgments by federal district courts on state tax matters, see Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n, 515 U.S. 582, 586-87 (1995). Although the D.C. Circuit did not reach the issue in Jenkins, that court noted that the district court ruled that the District of Columbia was a "State" for purposes of § 1341 and that the constitutional claims brought there were barred because an adequate remedy existed under District of Columbia law. See Jenkins, 236 F.3d at 9.

This Court likewise will not resolve the threshold jurisdictional issue in this case on the basis of the bar under § 1341. Nonetheless, the result reached here parallels the mandate of that provision. As noted earlier (see p.3 n.1, supra), moreover, a challenge identical to that brought by plaintiffs here has been rejected by the District of Columbia courts. See District of Columbia v. Bender, 906 A.2d 277 (D.C. 2006), cert. denied, 127 S. Ct. 1356 (2007). But the likelihood of losing a challenge in the District of Columbia courts based on prior decisions does not make that

remedy any less "plain, speedy and efficient" under § 1341, as otherwise the purpose and benefits of the Tax Injunction Act would be altogether nullified.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss for lack of subject matter jurisdiction. An order consistent with this resolution will be issued separately.

/s/
JOHN D. BATES
United States District Judge

Dated:  January 25, 2008